IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MICHAEL A. POWELL § | |
| (TDCJ No. 1342523) § | |
| VS. § | CIVIL ACTION NO.4:09-CV-240-Y |
| § | |
| § | |
| JUDGE SHAREN WILSON § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(B)(1)
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff/petitioner Michael A. Powell's petition for writ of mandamus under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Powell was permitted to proceed in forma pauperis with the filing fee to be collected from his inmate account under the terms of the Prison Litigation Reform Act ("PLRA").

An action filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

docketing.[3]  Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5]

By this action, Powell seeks a writ of mandamus from this Court directing Sharen Wilson, judge, Criminal District Court Number One of Tarrant County, Texas, to take certain actions with regard to a pending application for writ of habeas corpus, or directing her to recuse.  Powell does not provide any authority for his request, and although the All Writs Act, 28 U.S.C. § 1651, provides that a court "may issue all writs necessary or appropriate in aid of [its] respective jurisdiction," the act does not, by itself, provide an independent basis for jurisdiction. Instead, it may be invoked only in aid of jurisdiction already possessed by the Court on some other ground.[6] But federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."[7] In this case, Petitioner seeks only mandamus relief. He alleges the state court failed to rule on his writ application and he seeks an order compelling the state court to act. This Court is

---

[3]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6]*See Brittingham v. U.S.C.I.R.,* 451 F.2d 315, 317 (5th Cir. 1971).

[7]*Moye v. Clerk, Dekalb County Sup.Ct.*, 474 F.2d 1275, 1276 (5th Cir.1973).

2

without power to enter such an order. Although not referred to by Powell, 28 U.S.C. § 1361 affords this Court jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[8] As this section only authorizes the Court to compel federal actors or agencies to act, it also grants no jurisdiction to this Court to dictate action by a state judicial officer such as Judge Wilson.

Therefore, the petition for mandamus relief lacks an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to 1915A(b)(1).[9]

Michael A. Powell's petition for writ of mandamus is DISMISSED WITH PREJUDICE under authority of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

SIGNED July 8, 2009.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[8] 28 U.S.C.A. § 1361 (West 2006).

[9] *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir.1997)(affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

3